IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-144-BO

| | |
|---|---|
| DERRICK ALLEN, | ) |
|     Plaintiff, | ) |
| v. | )    O R D E R |
| OFFICER N. COFFEY, | ) |
|     Defendant. | ) |

This cause comes before the Court on defendant's motion to dismiss for insufficient service of process and failure to state a claim and plaintiff's motions to amend the complaint and to appoint counsel. For the following reasons, plaintiff's motions are denied and defendant's motion is granted.

## BACKGROUND

On September 14, 2019, defendant Officer N. Coffey, allegedly acting under the color of state law, pulled plaintiff Derrick Allen over on NC Highway 55 in Cary, North Carolina, and issued plaintiff a traffic citation for violating N.C. Gen. Stat. §§ 20-63(g) and 129(g). Compl. at 4. Plaintiff alleges that he had not committed any traffic violations and that defendant "fabricated the charges" against him and "harassed" him. *Id.* at 4–5. The citation was voluntarily dismissed on June 8, 2020. DE 17-2 at 2.

Plaintiff filed this lawsuit in the Middle District of North Carolina on September 19, 2019, and it was transferred to this Court on April 7, 2020. DE 1, 9. Plaintiff named defendant Officer Coffey, the Town of Cary's Police Department, and Town of Cary Police Department Chief Toni Dezomits as defendants and brought claims pursuant to 42 U.S.C. § 1983. DE 2. On August 18,

2020, Magistrate Judge Kimberly A. Swank issued an Order and Memorandum & Recommendation (M&R) dismissing plaintiff's claims against the Police Department and Chief Dezomits as frivolous but allowing plaintiff to proceed in forma pauperis against defendant. DE 16. This Court adopted the M&R on September 22, 2020, and the order was upheld on appeal. DE 20, 35.

## DISCUSSION

*Motion to Appoint Counsel*

Plaintiff has moved for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citation omitted). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Plaintiff has previously moved for appointment of counsel, and that request was denied. DE 14, 16. Considering these factors, the Court finds that this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is denied.

*Motion to Dismiss*

Defendant has moved to dismiss the case pursuant to Rules 12(b)(5) and 12(b)(6) for insufficient service of process and for failure to state a claim upon which relief may be granted. A motion made pursuant to Rule 12(b)(5) challenges the mode of delivery or the lack of delivery of the summons and complaint. 5B Wright & Miller, *Federal Practice and Procedure: Civil 3d* §

2

1353. When a plaintiff has brought claims against defendant in both his individual and official capacities, he must serve him in both capacities. *See Richardson v. Roberts*, 355 F. Supp. 3d 367, 370 (E.D.N.C. 2019). A suit against a government employee in his official capacity is, ostensibly, an additional attempt to assert a claim against his employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Soc.Servs.*, 436 U.S. 658, 690 n.55).

Service against a defendant in his official capacity is, "in all respects other than name, to be treated as a suit against the entity," and the government entity must receive notice and an opportunity to respond. *Williams v. Guilford Tech. Cmty. Coll. Bd. of Trs.*, 117 F. Supp. 3d 708, 715 (M.D.N.C. 2015) (quoting *Graham*, 473 U.S. at 167 (1985)); *see also Burke v. Hill*, No. 2:17-CV-1-FL, 2017 U.S. Dist. LEXIS 180041, at *9 (E.D.N.C. 2017). Service upon a governmental organization is governed by Rule 4(j)(2) of the Federal Rules of Civil Procedure, which provides that service may be effected by "delivering a copy of the summons and of the complaint to its chief executive officer" or by serving the summons and complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

Service against a defendant in his individual capacity may be made by following state law, delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individual's usual place of abode with a resident of suitable age and discretion, or delivering a copy to an agent authorized to receive process. Fed. R. Civ. P. 4(e). The North Carolina Rules of Civil Procedure allow service upon an individual through one of the following ways:

3

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C.G.S. § 1A-1, Rule 4(j)(1). "Service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process." *Watson v. Jiffy Lube Lube Core*, No. 5:10-CV-00572-F, 2011 U.S. Dist. LEXIS 63468, at *5 (E.D.N.C. June 15, 2011) (quoting *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003)).

Here, summonses were issued on March 10, 2021, and were addressed to defendant at the address for the Cary Police Department. DE 40. The summonses were delivered by certified mail, return receipt requested, on March 15, 2021, to "Cary PD." DE 42. The Court first finds that plaintiff has not served defendant in his official capacity. Since plaintiff is suing defendant in his official capacity as a government employee, this is essentially a suit against his employer. The public entity defendant serves is the Town of Cary. Under North Carolina law, plaintiff may serve a "city, town or village by personally delivering a copy of the summons and of the complaint to its mayor, city manager or clerk." N.C. Gen. Stat. § 1A-1, Rule 4(j)(5)(a). Plaintiff's prepared summons does not comport with that requirement, as plaintiff has failed to serve the mayor, town manager, or clerk for the Town of Cary. Therefore, this Court finds that

4

plaintiff's claims against defendant in his official capacity should be dismissed pursuant to Rule 12(b)(5).

The Court further finds that plaintiff has not served defendant in his individual capacity. Plaintiff claims that he sent the summons to plaintiff's last known address, but defendant's place of work is not his last known address. Plaintiff may not serve defendant by sending the summons to individuals at defendant's place of employment that are not authorized to accept service. Plaintiff filed proof of service forms for defendant indicating that a copy of the complaint and summons were delivered by certified mail to Cary PD, but defendant has provided an affidavit stating that Cary PD was not his agent or authorized to accept service on his behalf. Furthermore, on the proof of summons form, the name "Cary PD" is printed in the space for identification of the recipient, without a signature and without the check-marked indication that the Cary PD is defendant's agent. Therefore, plaintiff has not complied with the requirements of service, and plaintiff's claims against plaintiff in his individual capacity should be dismissed pursuant to Rule 12(b)(5).

Defendant also moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by

5

conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

In his complaint, plaintiff alleges that defendant's traffic citation violated his Seventh and Eighth Amendment rights under the Constitution, as well as his other constitutional rights. However, the Court finds that these claims fail and must be dismissed pursuant to Rule 12(b)(6).

The Eighth Amendment serves only as a source of protection in post-conviction claims of excessive force. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Here, there is no conviction or allegation of a conviction, as plaintiff's traffic citation was ultimately dismissed. Therefore, plaintiff has not stated a right to recover under the Eighth Amendment.

The Seventh Amendment is also inapplicable, as it applies to "suits at common law." U.S. Const. amend. VII. This is a case arising from a violation of a traffic statute, not a suit arising in common law as required by the Seventh Amendment. Therefore, this case does not give rise to plaintiff's rights under the Seventh Amendment.

The Sixth Amendment provides certain rights to the accused in criminal prosecutions, such as the right to a speedy and public trial and the right to be informed of the nature and cause of the accusation. U.S. Const. amend. VI. However, the Supreme Court has distinguished between serious criminal charges and "petty" charges, and it has determined that "[c]rimes

carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses." *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968) (citing *Cheff v. Schnackenberg*, 384 U.S. 373 (1966)). Here, plaintiff was charged with violating N.C. Gen. Stat. §§ 20-63(g) and 20-129(g). The penalty for violations of § 20-63(g) is spelled out in N.C. Gen. Stat. § 14-3.1, which states that a violation is not punishable by law and that penalties are limited to $100. There is no punishment or penalty laid out in N.C. Gen. Stat. § 20-129(g) for a violation of the statute, and N.C. Gen. Stat. § 20-133 even provides that repair of a stop lamp serves as a defense to a violation. Violations of these statutes are clearly "petty" charges that do not rise to the standard in *Duncan* or the Sixth Amendment for guaranteeing a jury trial. Therefore, plaintiff's Sixth Amendment rights were not violated by issuance of a citation for the violations.

When a police officer stops an automobile, a "seizure" has occurred. *See United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008) (citing *Whren v. United States*, 517 U.S. 806, 809 (1996). The driver is therefore protected by the Fourth Amendment, and the stop must be "reasonable" under the circumstances. *Id.* (citing *Whren*, 517 U.S. at 810). "When an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle." *United States v. El*, 5 F.3d 726, 730 (4th Cir. 1993) (citing *United States v. Cummins*, 920 F.2d 498, 500–01 (8th Cir. 1990)). Here, the pleadings and the documents of record show that defendant had probable cause to believe that plaintiff had committed a violation of N.C. Gen. Stat. § 20-63(g). Photographs filed by plaintiff show an obscuring cover over the license plate of a vehicle with a license plate matching the one in plaintiff's citation, which would constitute a violation of the statute. *See* N.C. Gen. Stat. § 20-63(g) ("Any operator of a motor vehicle who covers any registration plate with any frame or transparent, clear, or color-tinted cover . . . commits an infraction."). Additionally, defendant wrote in his citation that plaintiff

7

advised him to give him a ticket for his reported infraction. DE 17-2. Since defendant had probable cause to believe that defendant had committed a traffic violation, plaintiff's Fourth Amendment rights were not violated.

Furthermore, qualified immunity protects police officers investigating criminal wrongdoing from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity thus provides a 'safe-harbor' from tort damages for police officers performing objectively reasonable actions in furtherance of their duties." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). In resolving questions of qualified immunity at summary judgment, courts ask two questions: 1) whether the facts "taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right" and 2) "whether the right in question was 'clearly established' at the time of the violation." *Tolan v. Cotton*, 134 S. Ct. 1861, 1865–66 (quoting *Hope v. Pelzer*, 526 U.S. 730, 739 (2002)). Here, the Court has already established that defendant did not violate plaintiff's constitutional rights when he stopped plaintiff for license plate and taillight infractions. Therefore, qualified immunity protects defendant from plaintiff's claims.

Finally, as previously mentioned, a claim against government employee in his "official capacity" is an attempt to assert a claim against his employer. *Graham*, 473 U.S. at 165. To plead and prove a claim against a municipality or municipal police department for violation of an individual's constitutional rights, plaintiff bears the burden of showing that the violation of his rights was the result of an unconstitutional or illegal county policy, custom, ordinance, regulation, or decision. *See Monell*, 436 U.S. at 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

8

may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Plaintiff does not allege that his traffic stop was made pursuant to the Town of Cary Police Department's policy or custom. Furthermore, since this Court has already established that plaintiff's constitutional rights were not violated, it does not need to determine whether the Town of Cary's policies were responsible for defendant's actions. *See Belcher v. Oliver*, 898 F.2d 32, 36 (4th Cir. 1990) ("Because it is clear that there was no constitutional violation we need not reach the question of whether a municipal policy was responsible for the officers' actions."). Therefore, plaintiff has not sufficiently alleged a claim of action against defendant.

In conclusion, defendant has failed to properly serve defendants and failed to properly state a cause of action for which relief can be granted. He has not shown that his constitutional rights were violated or that he has met the requirements of a claim against defendant in his official capacity, and defendant is protected is by qualified immunity. For these reasons, the Court grants defendant's motion to dismiss and dismisses the claims against defendant in both his individual and official capacities.

*Motion to Amend*

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his pleadings as a matter of right under certain circumstances or with the opposing party's consent or with leave of the court. Fed. R. Civ. P. 15(a)(1)–(2). *Id.* at 15(2). Further, Rule 15 directs that leave to amend be freely given when justice requires. "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party,

9

where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Food Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is "futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted).

The Court finds that plaintiff's attempt to amend his complaint would be futile. Plaintiff attempts to add causes of action against the Town of Cary, the town mayor, the town manager, and the town clerk. This Court has previously advised defendant that claims against supervisors, either individually or in their official capacity, cannot "be brought based on a theory of respondeat superior." DE 16 at 4 (citing *Monell*, 436 U.S. at 658). The proposed amended complaint makes no specific allegations against these four defendants, but rather merely states that they are entities capable of being sued. For the same reason that Judge Swank found the original complaint frivolous as to Chief Dezomits, the attempt to now add claims against the Town, mayor, manager, and clerk is futile. The Court also notes that the Supreme Court has stated that plaintiff has repeatedly abused the Court's process, to such an extent that the Clerk will not accept any further noncriminal petitions from plaintiff unless the docketing fee is paid. Therefore, defendant's motion to dismiss is denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 51] is GRANTED. Plaintiff's motion to amend the complaint [DE 55] and motion to appoint counsel [DE 57] are DENIED.

SO ORDERED, this 18 day of August, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE